UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL SHANE CATES,

                Petitioner,

v.

JEFFREY UTTECHT,

                Respondent.

Case No. C18-157 RAJ-BAT

**ORDER DECLINING SERVICE OF HABEAS PETITION**

On January 22, 2018, Michael Shane Cates, signed a *pro se* 28 U.S.C. § 2241 habeas corpus petition. Dkt. 1. The petition was received by the United States District Court for the Eastern District of Washington on January 31, 2018. *See* Dkt. 6. On February 1, 2018, the petition was transferred to this district because Mr. Cates challenges a conviction and sentence imposed on April 24, 2012, in the Snohomish County Superior Court which is located in the Western District of Washington. Dkt. 5.

In his habeas petition, Mr. Cates challenges his convictions for two counts of first degree child rape and two county of child molestation. Dkts. 1, 11. After Mr. Cates was sentenced, he filed a direct appeal. The Washington Court of Appeals affirmed the convictions and sentence on Janaury 21, 2014. *See Cates v. State of Washington*, 179 Wash. App. 1002 (2014). The Washington Supreme Court granted review on June 4, 2014, 180 Wn. 2d 1013, and affimed the

ORDER DECLINING SERVICE OF HABEAS PETITION- 1

Court of Appeals on July 2, 2015. *Cates v. State of Washington*, 183 Wn. 2d 531 (2015). While review in the Washington Supreme Court was pending, Mr. Cates filed a personal restraint petition (PRP) in the Washington Court of Appeals. The PRP was denied on April 4, 2016, and review was terminated that day. A certificate of finality was issued on May 31, 2016.[1]

Final judgment in the conviction Mr. Cates challenges was imposed more than one year before the date he filed his federal habeas petition. It therefore appears Mr. Cates' habeas petition is untimely and subject to dismissal. However, because Mr. Cates proceeds *pro se*, rather than dismissing the case at this point, the Court grants him leave to explain, no later than **March 12, 2018**, why his habeas petition should not be dismissed. The Court will recommend the case be dismissed if no response is filed or if the response does not adequately address the timeliness of the petition.

**DISCUSSION**

As an initial matter, state prisoners such as Mr. Cates who challenge their conviction and sentence must make all federal habeas challenges under § 2254, and may not seek relief under § 2241. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Section 2241 is appropriate only in limited situations not applicable here. *See e.g. McNeely v. Blanas*, 336 F.3d 882, 824 n. 1 (9th Cir. 2003) (§ 2241 applicable is applicable pretrial detention); *Tyler v. United States*, 929 F.2d 451, 453 n. 5 (9th Cir. 1991) (§ 2241 applicable to certain parole board decisions).

However, rather than dismissing Mr. Cates' habeas petition as improperly brought under § 2241, the Court construes the habeas petition as brought under § 2254. *See White v. Lambert*,

---

[1] The Court takes judicial notice of Washington State Court records. *See* https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&casenumber=728822&searchtype=aName&crt_itl_nu=form.CRT_ITL_NU&filingDate=2014-10-17 00:00:00.0&courtClassCode=A&casekey=169083664&courtname=COA, Division I (last accessed February 9, 2018)

ORDER DECLINING SERVICE OF HABEAS PETITION- 2

370 F.3d 1002, 1005–07 (9th Cir. 2004) (§ 2254 is the exclusive avenue for challenging constitutionality of continued detention by prisoner in state custody pursuant to a state court judgment), overruled on other grounds, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir.2010) (en banc).

Section 2254 habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The limitation period may run from a later date under the following circumstances. First it may run from the date the United State Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review, and second it may run from the date the factual predicate of the claim presented could have been discoverered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C) and (D).

Mr. Cates' conviction became final on April 4, 2016, when review of his PRP was terminated. Mr. Cates signed his federal habeas petition on January 22, 2018, though it was received by the Eastern District of Washington on Janaury 31, 2018. Even assuming the petition was filed on January 22, 2018, it nonetheless is untimely—more than one year passed from the time judgment became final on April 4, 2016, and the date he filed his habeas petition. *See Goncalves v. Stewart*, 18 Fed. Appx. 580 (9th Cir. 2001)(decision affirming conviction terminates review, not subsequent issuance of certificate of finality). Therefore, Mr. Smith's federal habeas petition is barred under the federal statute of limitations, 28 U.S.C. § 2244(d).

The Court notes Mr. Cates contends "I am citing and using *State v. W.R.* as a ground for newly discovered evidence." Dkts. 1, 11 at 15. The contention fails as a basis to expand the

statute of limtiations in this case. First *State v. W.R.,* 181 Wn.2d 757 (2014), is not a United States Supreme Court decision and therefore does not provide relief from the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(C).

Second, *W.R.*'s constitutional holding does not rest on a new rule of federal constitutional law, but relied on federal precedent that is almost thirty years old – long before Mr. Cates' conviction became final. *State v. W.R.,* at 761-63. The Washington Supreme Court also decided *W.R.* in 2014, years **before** judgment for federal habeas purposes was final in Mr. Cates' case. The decision therefore does not constitute a new rule of law under any circumstances.

And lastly, Mr. Cates' claims rely on facts from his arrest in Missouri, his extradition from that state to Washington to face trial, how his trial lawyer was overburdened and ineffective, how the state's expert witness was allowed to provide improper testimony without a Frye hearing, how his trial lawyer would not let him testify, how damaging photos were presented to the jury, and how there was insufficient evidence to convict him. These are not new facts.

The Court also notes the statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). But equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation and citation omitted). Thus, Mr. Cates must demonstrate extraordinary circumstances prevented him from filing a timely federal habeas corpus petition.

Because it appears Mr. Cates' habeas petition is barred by the statute of limitations the Court declines to serve it. However, the Court grants Mr. Cates leave to explain no later than **March**

**12, 2018**, why the petition should not be dismissed. The Court will recommend the case be dismissed if no explanation is filed by that date or if the explanation does not adequately address the timeliness of the petition.

The Clerk shall provide a copy of this order to Mr. Cates and to the assigned United States Disrict Judge.

DATED this 9th day of Febraury, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DECLINING SERVICE OF HABEAS PETITION- 5