UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL SHANE CATES,

    Petitioner,

v.

JEFFREY UTTECHT,

    Respondent.

CASE NO. C18-157-RAJ-BAT

**REPORT AND RECOMMENDATION**

On January 22, 2018, Michael Shane Cates, signed a *pro se* 28 U.S.C. § 2241 habeas corpus petition. Dkt. 1. The petition was received by the United States District Court for the Eastern District of Washington on January 31, 2018. *See* Dkt. 6. On February 1, 2018, the petition was transferred to this district because Mr. Cates challenges a conviction and sentence imposed on April 24, 2012, in the Snohomish County Superior Court which is located in the Western District of Washington. Dkt. 5. After careful review of the petition and the balance of the record, this Court concludes that the federal habeas petition should be **DISMISSED** with prejudice as untimely.

## BACKGROUND

In his habeas petition, Mr. Cates challenges his April 24, 2012, convictions and sentence for two counts of first degree child rape and two counts of child molestation. Dkts. 1, 11. After

REPORT AND RECOMMENDATION - 1

Mr. Cates was sentenced, he filed a direct appeal. The Washington Court of Appeals affirmed the convictions and sentence on January 21, 2014. *See Cates v. State of Washington*, 179 Wash. App. 1002 (2014). The Washington Supreme Court granted review on June 4, 2014, 180 Wn. 2d 1013, and affirmed the Court of Appeals on July 2, 2015. *Cates v. State of Washington*, 183 Wn. 2d 531 (2015). While review in the Washington Supreme Court was pending, Mr. Cates filed a personal restraint petition (PRP) in the Washington Court of Appeals. The PRP was denied on April 4, 2016, and review was terminated that day. A certificate of finality was issued on May 31, 2016.[1] Thus, final judgment in the conviction Mr. Cates challenges was imposed more than one year before the date he filed his federal habeas petition.

On February 9, 2018, the Court issued an order declining service of Mr. Cates' habeas petition on the grounds that it appeared the petition was untimely and subject to dismissal. However, because Mr. Cates is proceeding *pro se*, rather than dismissing the case, the Court granted him leave to explain, no later than March 12, 2018, why his habeas petition should not be dismissed. The Court indicated it would recommend the case be dismissed if no response was filed or if the response did not adequately address the timeliness of the petition. On February 26, 2018, Mr. Cates submitted a letter responding to the Court's order. However, as discussed below, Mr. Cates does not contend that his filing was timely under the statute and none of his explanations are sufficient to establish either an exception to or expansion of the statute of limitations or that the statute was equitably tolled.

---

[1] The Court takes judicial notice of Washington State Court records. *See* https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&casenumber=728822&searchtype=aName&crt_itl_nu=form.CRT_ITL_NU&filingDate=2014-10-17 00:00:00.0&courtClassCode=A&casekey=169083664&courtname=COA, Division I (last accessed February 9, 2018).

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

**A.     Time Barred Petition**

As an initial matter, state prisoners such as Mr. Cates who challenge their conviction and sentence must make all federal habeas challenges under § 2254, and may not seek relief under § 2241. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Section 2241 is appropriate only in limited situations not applicable here. *See, e.g., McNeely v. Blanas*, 336 F.3d 882, 824 n. 1 (9th Cir. 2003) (§ 2241 applicable to pretrial detention); *Tyler v. United States*, 929 F.2d 451, 453 n. 5 (9th Cir. 1991) (§ 2241 applicable to certain parole board decisions).

However, rather than dismissing Mr. Cates' habeas petition as improperly brought under § 2241, the Court construes the habeas petition as brought under § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004) (§ 2254 is the exclusive avenue for challenging constitutionality of continued detention by prisoner in state custody pursuant to a state court judgment), overruled on other grounds, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir.2010) (en banc).

Section 2254 habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The limitation period may run from a later date under the following circumstances. First it may run from the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B). Second, it may run from the date the United States Supreme Court recognizes a new constitutional right

that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). And third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Mr. Cates' conviction became final on April 4, 2016, when review of his PRP was terminated. Mr. Cates signed his federal habeas petition on January 22, 2018, though it was received by the Eastern District of Washington on January 31, 2018. Even assuming the petition was filed on January 22, 2018, it nonetheless is untimely—more than one year passed from the time judgment became final on April 4, 2016, and the date he filed his habeas petition. *See Goncalves v. Stewart*, 18 Fed. Appx. 580 (9th Cir. 2001)(decision affirming conviction terminates review, not subsequent issuance of certificate of finality). Therefore, Mr. Cates' federal habeas petition is barred under the federal statute of limitations, 28 U.S.C. § 2244(d).

The Court notes that, in his petition, Mr. Cates contends "I am citing and using *State v. W.R.* as a ground for newly discovered evidence." Dkts. 1, 11 at 15. This contention fails as a basis to expand the statute of limitations in this case. First *State v. W.R.,* 181 Wn.2d 757 (2014), is not a United States Supreme Court decision and therefore does not provide relief from the one year statute of limitations under 28 U.S.C. § 2244(d)(1)(C).

Second, *W.R.*'s constitutional holding does not rest on a new rule of federal constitutional law, but relied on federal precedent that is almost thirty years old – long before Mr. Cates' conviction became final. *State v. W.R.*, at 761-63. The Washington Supreme Court also decided *W.R.* in 2014, years **before** judgment for federal habeas purposes was final in Mr. Cates' case. The decision therefore does not constitute a new rule of law under any circumstances.

And lastly, Mr. Cates' claims rely on facts from his arrest in Missouri, his extradition from that state to Washington to face trial, how his trial lawyer was overburdened and

REPORT AND RECOMMENDATION - 4

1  ineffective, how the state's expert witness was allowed to provide improper testimony without a

2  Frye hearing, how his trial lawyer would not let him testify, how damaging photos were

3  presented to the jury, and how there was insufficient evidence to convict him. These are not new

4  facts which might provide for an expansion of the statute of limitations. *See* 28 U.S.C. §

5  2244(d)(1)(D).[2]

**B.    Equitable Tolling**

The Court also notes the statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010). But equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (internal quotation and citation omitted). Here, Mr. Cates was given an opportunity by the Court's February 9, 2018, Order Declining Service to demonstrate such extraordinary circumstances but has failed to do so. In his response to the Court's February 9, 2018, Order, Mr. Cates alleges generally that he has "recent memory loss due to a false diagnosis of Bell's palsy", and that the law library is inadequate. Dkt. 13. Neither of these explanations establishes extraordinary circumstances sufficient to excuse Mr. Cates' failure to timely file his federal habeas petition.

---

[2] The Court notes that, in his response to the Court's February 9, 2018, Order Declining Service, Mr. Cates contends that Revised Code of Washington (RCW) 10.73.100 applies to his case "on grounds of double jeopardy" and "insufficient evidence." Dkt. 13, at 1. In the first instance, the Court notes that Mr. Cates does not raise double jeopardy as a basis for relief in his petition. However, more importantly, the Court notes that the state law exceptions for expanding the statute of limitations for a personal restraint petition (PRP) provided in RCW 10.73.10 (including double jeopardy and insufficient evidence), differ from those for expanding the statute of limitations for filing a federal habeas petition provided in 28 U.S.C. 28 U.S.C. § 2244(d). As such, Mr. Cates' argument is inapplicable here and does not provide a basis for expanding the statute of limitations.

REPORT AND RECOMMENDATION - 5

1     In the first instance, Mr. Cates indicates that Bell's palsy was a "false diagnosis" and, as
2 such, presumably he is not alleging his memory problems are caused by Bell's palsy. Dkt. 13.
3 Mr. Cates also does not allege any other organic or psychological cause for his alleged memory
4 problems. *Id.* Nor does Mr. Cates directly connect his alleged memory problems with his failure
5 to file a timely habeas petition instead stating only that they "affect [his] ability to do certain
6 tasks." *Id. Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), *as amended* (Nov. 3, 2003) (prisoner
7 seeking equitable tolling of the federal habeas limitations period must show that the requisite
8 extraordinary circumstances were the but-for and proximate cause of his untimeliness).

9     Mr. Cates' general complaints regarding an inadequate prison law library are also not an
10 extraordinary circumstance sufficient to excuse his failure to timely file his federal habeas
11 petition. It is true that an inadequate prison law library may, under certain circumstances,
12 constitute an extraordinary circumstance justifying equitable tolling. *See Whalem/Hunt v. Early,*
13 233 F.3d 1146, 1148 (9th Cir. 2000). In this case, however, petitioner has failed to explain how
14 his institution's law library was so inadequate as to prevent him from filing a timely federal
15 habeas petition. Mr. Cates refers generally to a lack of law books, outdated computers,
16 understaffing, and that it is difficult to get access to the law library without a current case
17 number. Dkt. 13. However, Mr. Cates does not specified what missing legal materials, if any, he
18 needed to assert the claims in his pending federal petition or that he lacked those materials during
19 the period in question but that they subsequently became available to him thus allowing for the
20 (late) filing of his petition. *See Chin v. Hill*, 2011 WL 4344129 (E.D.Cal. Sept. 14, 2011);
21 *Spitsyn*, 345 F.3d 796 (prisoner seeking equitable tolling of the federal habeas limitations period
22 must show that the requisite extraordinary circumstances were the but-for and proximate cause
23 of his untimeliness). Similarly, Mr. Cates does not allege when or how often he was denied

REPORT AND RECOMMENDATION - 6

access to the prison law library or how limited access to that library prevented him from filing a timely federal habeas petition. *Id.*; *Ramirez v. Yates,* 571 F.3d 993, 998 (9th Cir.2009) ( "Ordinary prison limitations on Ramirez's access to the law library and copier ... were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."). Nor does Mr. Cates explain what efforts, if any, he made to obtain access to the law library during the relevant time period. *Id.*[3]

Accordingly, Mr. Cates has failed to establish equitable tolling of the applicable statute of limitations for filing his federal habeas petition.

## C.    Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474.  In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. The timeliness of Mr. Cates' claims can be determined from the current state court record and therefore, no evidentiary hearing is necessary.

---

[3] The Court notes that 28 U.S.C. § 2244(d)(1)(B) provides for expansion of the statue of limitations to commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." However, for the same reasons, Mr. Cates fails to establish equitable tolling due to his generalized complaints regarding the inadequate law library, he also fails to establish that this was the impediment to his filing a timely petition under 28 U.S.C. § 2244(d)(1)(B).

REPORT AND RECOMMENDATION - 7

D.  **Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Mr. Cates is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the foregoing reasons, this Court recommends that Mr. Cates' federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1) and Habeas Rule 4.[4] The Court further recommends that a certificate of appealability be denied. A proposed order and judgment accompany this Report and Recommendation

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 29, 2018.** The Clerk should note the matter for **March 30, 2018**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days

---

[4] Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief.

REPORT AND RECOMMENDATION - 8

after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 8th day of March, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9